FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  AMBER HOTEL CORPORATION, | No.    14-56320 |
| Debtor, | D.C. No. 2:14-cv-00951-FMO |
| JAMES J. LITTLE, | MEMORANDUM* |
| Appellant, | |
| v. | |
| AMBER HOTEL CORPORATION, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted October 5, 2016
Pasadena, California

Before:  PREGERSON, NOONAN, and PAEZ, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

James Little appeals the district court's ruling that his appeal of the bankruptcy court's approval of Amber Hotel's reorganization plan is equitably moot. We have jurisdiction under 28 U.S.C. §§ 158(d), 1291, and we affirm.

1.     "In evaluating a dismissal on equitable mootness grounds, we review factual findings for clear error and legal conclusions de novo." *In re Transwest Resort Properties, Inc.*, 801 F.3d 1161, 1168 (9th Cir. 2015) (citing *In re Mortgages Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014)).

2.     We have identified four factors to determine whether a bankruptcy case is equitably moot. *Id.* at 1168-73. First, whether a stay was sought. *Id.* at 1168. Second, whether substantial consummation of the plan occurred. *Id.* at 1168-69. Third, what effect a remedy may have on third parties not before the court. *Id.* at 1169-71. Finally, whether the bankruptcy court can fashion relief that would not completely unwind the plan. *Id.* at 1171-73.

Little failed to seek a stay. Furthermore, the reorganization plan has been fully consummated. As a result, unwinding the plan would affect third parties not before the court and the bankruptcy court cannot fashion relief without completely unwinding the plan. All factors point in favor of the district court's determination that Little's appeal is equitably moot.

AFFIRMED.